USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/28/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **GENERAL RE LIFE CORPORATION,** | |
| **Petitioner,** | |
| **-against-** | **23-cv-05219 (ALC)** |
| **AMERICAN GENERAL LIFE INSURANCE COMPANY,** | <u>**ORDER**</u> |
| **Respondent.** | |

**ANDREW L. CARTER, JR., United States District Judge:**

Pending before the Court are two matters: Petitioner's Petition to Confirm a Final Arbitration Award as well as four Motions to Seal documents filed by Petitioner and Respondent. *See* ECF Nos. 1, 5, 12, 16, 24. For the following reasons, the Parties' motions to seal are **DENIED** and the Petition is **GRANTED**.

**BACKGROUND**

### I.  Underlying Controversy

Between 1991 and 2002, the Parties entered into six separate reinsurance agreements under which General Re Life Corporation ("Petitioner" or "Gen Re") agreed to reinsure some of American General Life Insurance Company's ("Respondent" or "American General") policyholders. ECF No. 1, Compl. at ¶ 6; *see also* ECF Nos. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7. Gen Re compensated American General under the agreements for a certain share of each insurance policy it reinsured and, in exchange, charged American General a reinsurance premium for each policy reinsured. *Id.* at ¶ 7.

On April 30, 2020, Petitioner decided to increase the reinsurance premiums it would charge Respondents under three of the six executed reinsurance agreements. *Id.* Respondent refused to implement the desired increases and the Parties underwent arbitration to resolve the dispute.

### II.  The Arbitration

Initially, several individual arbitration claims were raised under each of the controlling reinsurance agreements. *Id.* at ¶ 8. Over time though, the actions were consolidated before a single Arbitration Panel. *Id.* On January 26, 2021, prior to the actions' consolidation, as reflected in transcripts of the meeting, the Parties orally stipulated to a written confidentiality agreement and protective order which mandated that they keep the contents of arbitration proceedings confidential from all "third parties." ECF No. 33-2 at 8. The written confidentiality agreement does, by its own terms, permit disclosure of arbitration information "as is necessary in connection with court proceedings relating to any aspect of the arbitration, including . . . motions to confirm . . . an award." ECF No. 35-1 at 3.

Prior to and following their consolidation, Petitioners argued throughout the arbitration proceedings that they had the power, under the terms of each of the respective reinsurance agreements, to increase the reinsurance premiums that they charged Respondent. *Id.* at ¶¶ 9-10. ECF No. 1, Compl ¶ 10. Ultimately, Petitioners were successful as a majority of the consolidated Arbitration Panel ruled in their favor. *Id.* at ¶ 11. Specifically, the Arbitration Panel found that the reinsurance agreements "provide Gen Re the unilateral right to increase rates" and that "Gen Re's rate increases complied with [contractual] terms." ECF No. 7-3 at 4.

The Panel then ordered Respondents to either: (1) "implement the rate increases noticed by Gen Re and pay to Gen Re" the rate increases plus 3% pre-judgment interest, or (2) recapture all six of the reinsurance treaties within 15 days of the granting of the final award. *Id.* at 5-6. Respondents subsequently elected to recapture the six reinsurance agreements in accordance with the Panel's order.

**III. Procedural History**

2

On June 20, 2023, General Re Life Corporation ("Gen Re" or "Petitioner") filed its Petition to Confirm the Panel's Final Arbitration Award before this Court. *See* ECF No. 1. In its filing, Petitioner stated that jurisdiction before this Court was proper "pursuant to 28 U.S.C. 1332(a) as Gen Re and AGL are citizens of different states and the amount in controversy exceeds $75,000." *Id.* at ¶ 3. Petitioner also appended three arbitration documents—two of the Parties' Position Statements as well as the Panel's Final Award—to the Petition. Alongside its Petition, Gen Re also submitted a motion to file the three arbitration documents under seal. ECF Nos. 5, 6. Petitioner sought to file the exhibits under seal because (1) they were under a duty to "maintain the confidentiality of the Exhibits pursuant to a confidentiality agreement entered into between" the Parties, (2) the exhibits "contain sensitive and proprietary information that if disclosed could potentially impact the parties in future competitive business negotiation," and (3) "any public interest in the contents of the arbitration information is nonexistent (or minimal at best). ECF No. 6 at 1-2; Thomas Decl. at ¶¶ 4-7. On July 6, 2023, Petitioner filed another Motion to Seal certain portions of the body text of its Petition that referred to the three arbitration documents for the same reasons as stated in its prior Motion at ECF No. 5. ECF Nos. 12, 13.

Respondent filed its Answer to the Petition on July 17, 2023 stating that while it "would not oppose [this Court's] confirmation" of the arbitration award, it believed that this Court lacks subject-matter jurisdiction to decide the case. ECF No. 15. Respondent argued that no justiciable controversy exists in this case because they elected to "recapture" the reinsurance contracts at issue in the Arbitration resulting in there being "nothing for either party to enforce by means of a judgment of this Court." *Id.* Alongside their Answer, American General also filed a motion to seal certain arbitration exhibits appended to their Answer as well as certain portions of the body of their Answer

that referenced those exhibits.  ECF Nos. 16, 17.  Respondents also filed a motion to join Petitioner's earlier similar motions to seal in which it stated that sealing was warranted for the reasons Petitioner raised in its submission and also because the documents "could potentially prejudice the parties in a separate arbitration currently pending between them."  ECF No. 19 at 2.

On July 20, 2023, Petitioners filed a Reply brief in support of their Petition.  ECF No. 23. There, Petitioner argued that this Court has subject-matter jurisdiction over this case because (1) the rate increases awarded to Petitioner in the arbitration had a valuation of over $250 million, (2) Respondent's independent election to recapture all six of the reinsurance contracts in lieu of paying the rate increases, as it was granted leave to do by the Arbitration Panel, did not destroy the underlying amount in controversy, and (3) Respondent's compliance with the arbitration award does not render this Court without subject-matter jurisdiction to confirm the award.  *Id.*

The following day, Respondent filed a supplemental motion to seal and redact certain portions of Petitioner's Reply as well as paragraph 11 of the Petition.  ECF Nos. 24-25.  Respondent claimed that sealing the relevant documents and Petition text was necessary because they were themselves confidential arbitration documents or referenced such.  ECF Nos. 24-25.  Petitioner opposed this motion to seal and argued that the relief was unwarranted because: (1) Respondent placed elements of the Final Award squarely at issue by claiming that its election to recapture left this Court without jurisdiction to confirm the arbitration award, (2) Respondent provided no specific provision of the unwritten arbitration confidentiality agreement that covers the relevant portions of the filings, and (3) that Respondent has not met its legal burden on its motion to seal.  ECF Nos. 29, 30.  Respondent stated in a subsequent filing that Petitioner's arguments could not be reconciled with the Parties' prior motions in favor of sealing and that that their unsealed references to their

recapture of the reinsurance contracts did not place the contents of the Award at issue because the "fact of the recapture was already publicly available.".  ECF No. 32 at 4 (emphasis omitted).

## LEGAL STANDARD

### I.  Motion to Seal

There is a "long-established general presumption in favor of public access to judicial documents."  *Moore v. Experian & TransUnion*, 2023 U.S. Dist. LEXIS 203912, at *2 (S.D.N.Y. Nov. 9, 2023) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). This presumption is based upon two "related but distinct" rationales: "a strong form rooted in the First Amendment and a slightly weaker form based in federal common law."  *Newsday LLC v. Cty. Of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013).  The presumption of access applies to all "judicial document[s]," which are those "item[s] . . . relevant to the performance of the judicial function and useful in the judicial process." *Lusgoch*, 435 F.3d at 119.  To determine the weight to be given to the presumption of access to judicial documents, a reviewing court must assess "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.  *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (stating that the weight of the presumption lies on a continuum between "matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance").  Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it" which may "include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lusgoch*, 435 F.3d at 119.

Where the submissions "directly affect" the court's adjudication of the case, there is "a strong presumption of access." *See Mut. Marine Office*, 2009 WL 1025965, at *5. In order to rebut such a presumption, the moving party "must offer specific facts 'demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *Lugosch*, 435 F.3d at 120). "[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test [for sealing judicial documents]." *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012). Importantly, "[t]he mere existence of a confidentiality agreement . . . does not demonstrate that sealing is necessary." *Church Ins. Co.*, 2010 WL 3958791, at *3; *see also De Kafati v. Kafati Kafati*, No. 22-CV-9906 (VSB), 2022 WL 17552457, at *1 (S.D.N.Y. Dec. 9, 2022) ("The presumption of public access to judicial documents is not overcome simply because the documents are covered by a confidentiality agreement."). "The party seeking to place the judicial documents under seal bears the burden of overcoming the presumption of public access." *Rogers v. Henry*, No. 16-cv-5271, 2017 WL 5495805, at *5 (E.D.N.Y. Sept. 12, 2017) (collecting cases).

## II. Petition for Confirmation of Final Arbitration Award

"Arbitration awards are not self-enforcing" and only go into effect when converted into judicial orders. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006); *see also Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Galway Dev. Corp. ("Galway")*, 2019 U.S. Dist. LEXIS 62087, at *5 (S.D.N.Y. Apr. 10, 2019); *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 U.S. Dist. LEXIS 22775, 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (internal quotation mark omitted). Under the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq., "default judgments in the confirmation/vacatur [of

arbitration] proceedings are generally inappropriate." *D.H. Blair*, 462 F.3d at 109.  Instead, a reviewing court conducts a summary proceeding, "merely mak[ing] what is already a final arbitration award a judgment of the court."  *Id.* at 110 (internal quotation marks and citations omitted).  Courts must give great deference to an arbitrator's decision.  *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).  "The arbitrator's rationale for an award need not be explained," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair*, 462 F.3d at104 (internal quotation marks and citations omitted).

To prevail on an unopposed motion to confirm an arbitration award, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also See D.H. Blair*, 462 F.3d at 109-10.  The Court must view all facts "in the light most favorable" to the non-moving party and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Tolan v. Cotton*, 572 U.S. 650, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014) (citations omitted); *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation mark omitted).

"A federal court may entertain an action brought under the FAA only if the action has an independent jurisdictional basis."  *Badgerow v. Walters*, 596 U.S. 1, 142 S. Ct. 1310, 1316 (2022) (citing *Hall Street Associates, L.L.C. v. Mattell, Inc.*, 552 U. S. 576, 582, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008)).  A district court must look to the face of the § 9 petition to determine whether jurisdiction exists to hear the case.  *Id.* at 1321.  28 U.S.C. § 1332 grants federal courts jurisdiction to hear cases between diverse parties "where the matter in controversy exceeds the sum or value of

$75,000.  28 U.S.C. § 1332(a) requires "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all defendants."  *Pa. Pub. Sch. Emps.' Retirement Sys. V. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014).  In actions brought "for declaratory or injunctive relief . . . the amount in controversy is measured by the value of the object of the litigation."  *Wash. Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 135 (2d Cir. 2020) (internal citation and quotation marks omitted).  "The sum claimed by the [petitioner] controls if the claim is apparently made in good faith."  *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).  Dismissal based upon insufficient claim amounts are appropriate where it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."  *Id.*; *see also Tongkook Am. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994) ("Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings.").

## DISCUSSION

### I.    Sealing

The Parties jointly seek the sealing of Exhibits 7-9 of the Petition as well as select portions of the Petition and Memorandum of Law in Support of the Petition.  ECF Nos. 5, 12, 19.  As stated previously, Exhibits 7-9 include the Parties' respective Arbitration Position Statements as well as the Final Arbitration Award.  The select portions of the Petition and Memorandum of Law in Support of the Petition the Parties seek to maintain under seal are portions of the body text which reference Exhibits 7-9.  Additionally, Respondent seeks and Petitioner does not oppose the sealing of Exhibits A-D of and select portions of Petitioner's response which refer to Exhibits A-D.  ECF No. 16.  Exhibits A-D are copies of email correspondences between the Parties and/or the

Arbitration Panel in which they discuss the Final Arbitration Award.  Finally, Respondent seeks and Petitioner opposes the sealing of certain portions of Petitioner's Reply brief as well as paragraph 11 of the Petition.  The portions of the Reply that Respondent seeks public redaction contain references to confidential Arbitration proceedings and the Final Arbitration Award. Respondent also argues that paragraph 11 of the Petition ought to be sealed as it references the Final Arbitration Award.

"It is well settled that the petition, memoranda, and other supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are 'judicial documents that directly affect[] the Court's adjudication' of that petition." *Aioi Nissay Dowa Ins. Co. Ltd. v. Prosight Specialty Mgmt. Co.*, 2012 U.S. Dist. LEXIS 118233, at *15 (S.D.N.Y. Aug. 21, 2012) (citing *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11-cv-3694, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011)); *see also Coscarelli v. ESquared Hosp. LLC*, No. 18-CV-5943 (JMF), 2020 U.S. Dist. LEXIS 216959, at *4 (S.D.N.Y. Nov. 19, 2020) ("Here, it is plain as day that the Awards are judicial documents to which the presumption of public access applies because they "directly affect the Court's adjudication" of the cross-motions to confirm and vacate.") (internal quotation marks and citations omitted); *Glob. Reinsurance Corp. v. Argonaut Ins. Co.*, 2008 U.S. Dist. LEXIS 32419, at *5 (S.D.N.Y. Apr. 18, 2008) ("In circumstances where an arbitration award is confirmed, the public in the usual case has a right to know what the Court has done.").  Here, the documents which the Parties seek to seal from public disclosure include the Arbitration Panel's Final Award, copies of confidential arbitral correspondences, and references thereof.  These communications all "directly affect[] the Court's adjudication" of the Petition and Respondent's jurisdiction claims and are therefore judicial documents.  *Id*.  "Continued sealing of

[judicial] documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim. *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019).

We consider the Parties' proposed grounds for sealing. Firstly, the Parties make much of their arbitral confidentiality agreement under which they agreed to not publicly disclose documents or communications from the Arbitration to third parties.[1] Courts in this District have consistently held that Parties' interest in a confidentiality agreement enacted between them is not sufficient on its own to overcome the interest of public disclosure and transparency. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) ("[T]he mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure was reasonable); *Lohnn v. IBM*, No. 21-cv-6379 (LJL), 2022 U.S. Dist. LEXIS 1444, at *41 (S.D.N.Y. Jan. 4, 2022) (collecting cases); *Dentons US LLP v. Zhang*, 2021 U.S. Dist. LEXIS 101331, at *2 (S.D.N.Y. May 28, 2021) (collecting cases). The Parties do not unseat this Court's widely held view here as their confidentiality agreement "itself recognizes that the interest in confidentiality is not absolute [because] disclosure is permitted when necessary to confirm . . . an award." *Lohnn*, 2022 U.S. Dist. LEXIS 1444, at *46.

The Parties also argue that their privacy and business interests in the Arbitration militate in favor of sealing.[2] They claim that public disclosure of the Award would "potentially unduly

---

[1] Though Petitioner in more recent filings has disparaged the verbal Confidentiality Agreement, the issue is irrelevant for purposes of resolution of these motions. I deny the motions to seal here even assuming *arguendo* that the confidentiality agreement was complete, effective, and binding upon the Parties. *See Century Indem. Co. v. AXA Belgium*, 2012 U.S. Dist. LEXIS 136472, 2012 WL 4354816, at *14 (S.D.N.Y. Sept. 24, 2012) (holding that confidentiality agreement "may be binding on the parties" even where "it is not binding upon the Court.").

[2] We do not agree that that there is little "public interest in the contents of the arbitration information." ECF No. 6 at 2. As stated previously, the contents of the arbitration information are judicial documents upon which this Court bases its rulings here such that the constitutional and federal common law public interest applies.

prejudice the outcomes of future legal disputes not before the Court" including, but not limited to, "currently pending arbitration between the parties," and in future competitive business negotiations.  ECF No. 34 at 6.  These interests do not justify redaction here.  We are "skeptical of sealing information that is [alleged to be] commercially sensitive, particularly where it is highly relevant to the dispute and by extension, to the public's understanding of the court's decision." *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at \*4 (S.D.N.Y. Jan. 17, 2023).  The Final Award and arbitral communications are highly relevant to the dispute here not only because they form the foundation of the Court's decision on whether to confirm the Award but also because they are integral to the Court's adjudication of Respondent's jurisdictional claims.  *See Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331 (LJL), 2023 U.S. Dist. LEXIS 162413, at \*12 (S.D.N.Y. Sep. 13, 2023).  Therefore, the Parties' vague, general, and undifferentiated claims of impending harm are insufficient here to overcome the strong interest in public disclosure.  *See id.* (citing *Cont'l Ins. Co. v. Transp. Ins. Co.*, 2023 WL 4364776, at \*2 (S.D.N.Y. July 5, 2023)).

Therefore, the Parties' motions to seal are **DENIED**.

## II.     Confirmation

We first consider Respondent's claim that this Court lacks subject-matter jurisdiction to confirm the Arbitration Award.  Respondent contends that the amount in controversy requirement of 28 U.S.C. § 1332 has not been satisfied because Respondent elected to recapture the six reinsurance agreements.

There are two prevalent approaches to determining whether the amount in controversy requirement has been satisfied in proceedings to confirm or vacate arbitration awards: the "demand"

and "award" approaches.  *See Rising Star Inc. v. Amazon.com, Inc.*, No. 23-Civ-778, 2023 U.S. Dist. LEXIS 90260, at *7 (S.D.N.Y. May 23, 2023); *Erdheim v. Harris*, 2019 WL 3219385, at *2 (S.D.N.Y. July 17, 2019).  A court applying the "demand" approach would apply the amount demanded during the arbitration as the amount in controversy.  *Legacy Agency, Inc. v. Scoffield*, 559 F. Supp. 3d 195, 204-05 (S.D.N.Y. 2021).  The "award" approach mandates that the amount awarded during the arbitration be considered the amount in controversy.  *Id.*

The amount in controversy requirement is satisfied under both theoretical approaches.  The rate increases Petitioner demanded in its arbitral position statement most definitely exceed $75,000. ECF No. 1-9; ECF No. 20 at 1 (stating that the rate increases were valued at over $250 million). The Arbitration Panel also awarded Petitioner its desired rate increases in its Final Award.  ECF No. 1-10 (awarding Petitioner all premium rate increases it sought under the three reinsurance agreements).  The mere fact that the Arbitration Panel granted an alternative award under which Respondents could elect to recapture the reinsurance contracts does not drive the award amount to $0.  Here, as in *Rising Star Inc. v. Amazon.com, Inc.*, "there was a finding of liability and an award" under which the Arbitration Panel stated that Petitioner "was entitled to the full value of damages" and "[i]t matters not that Amazon[] engag[ed] in self-help."  No. 23-Civ-778, 2023 U.S. Dist. LEXIS 90260, at *10 (S.D.N.Y. May 23, 2023).

Moving on to the merits of the motion for confirmation, Respondent has not contested or raised any objection to the Final Arbitration Award.  *See* ECF No. 18 at 2 ("If this Court were to accept jurisdiction over Gen Re's Petition, then American General would not oppose such confirmation[.]").  Additionally, there is no indication that any justification exists for vacating, modifying, or correcting the existing Award.  The Award was a product of the agreed upon

arbitration process, and the terms of the Award are not in dispute.  Without any indication as to why the Award should not be made a judgment of the court, this Court grants substantial deference to the decision of the arbitrator.  Accordingly, the Award must be confirmed.

**CONCLUSION**

For the foregoing reasons, the Parties' motions to seal, ECF Nos. 5, 12, 16, and 24 are **DENIED** and Gen Re's Petition to Confirm the Arbitration Award is **GRANTED**.

The Clerk of the Court is respectfully directed to terminate ECF Nos. 5, 12, 16, and 24 and terminate this case.

**SO ORDERED.**
**Dated:**   **March 28, 2024**
            **New York, New York**

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**